[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10665
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00430-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BUTLER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2012)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Butler, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence per Amendment 750, which lowered the base offense levels applicable to crack cocaine.  See U.S.S.G. § 1B1.10(c).  On appeal, Butler argues that the reasoning of Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), undermined to the point of abrogation this Court's rationale in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008).  He asserts that even though he was sentenced as a career offender, he is not categorically ineligible for a sentence reduction under § 3582(c)(2) because the offense level for his underlying crack cocaine offense was "a relevant part of the analytical framework the district court used to determine" Butler's sentence.

We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).  Id. at 1326.

A district court may modify an imprisonment term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

However, a reduction in the imprisonment term is not authorized under § 3582(c)(2) where the listed amendment does not have the effect of lowering the

2

defendant's applicable guideline range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. 1; see also id. § 1B1.10(a)(2)(B); Moore, 541 F.3d at 1330 ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

A district court follows a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Id. "In undertaking this first step, only the amended guideline is changed. All other guideline application decisions made during the original sentencing remain intact." Id. (quotations omitted). If it reaches the second step, the court must decide, in its discretion, whether to retain the original sentence or to resentence the eligible defendant under the amended guideline range. Id. at 781.

Where a defendant's sentence is "based on" the guideline range applicable to career offenders under U.S.S.G. § 4B1.1, the defendant's base offense level

3

under U.S.S.G. § 2D1.1 plays no role in the calculation of his guideline range. See Moore, 541 F.3d at 1327. Thus, even when a retroactive amendment reduces such a defendant's base offense level, the amendment would not lower his applicable guideline range because of the application of the career offender guidelines. See id. at 1327-28, 1330.

In Freeman, five justices of the Supreme Court held that entering into a Rule 11(c)(1)(C) plea agreement did not categorically bar a defendant from obtaining relief pursuant to 18 U.S.C. § 3582(c).[1] See Freeman, ___ U.S. at ___, 131 S. Ct. at 2695 (Sotomayor, J., concurring). Rather, where such a plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." Id.

We remain bound by the rule of our prior precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th

---

[1]    See Marks v. United States, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977) (ruling that, in a fragmented decision, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds").

Cir. 2008). "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." Id. (quotations omitted).

We disagree with Butler's contention that Freeman abrogated Moore. Freeman has nothing to do with how retroactive amendments affect career offenders. Freeman was decided in the context of a Rule 11(c)(1)(C) guilty plea, which allows the prosecutor and defendant to reach a plea bargain specifying a particular term of imprisonment. In Freeman, the Court held that because such an agreement might be expressly based on a guideline range, the resulting sentence could be affected by a retroactive amendment. The career offender guidelines, by contrast, are based on the statutory maximum sentence for the offense, see 28 U.S.C. § 994(h), and a career offender's sentence is based on that statute. Freeman is not "clearly on point" and therefore did not abrogate Moore. See Archer, 531 F.3d at 1352.

Here, the district court properly denied Butler's 18 U.S.C. § 3582(c)(2) motion because it is undisputed that the retroactive application of Amendment 750 would not lower his guideline range.

**AFFIRMED.[2]**

---

[2]    Butler's request for oral argument is DENIED.

5